“ Freedman, J.
This is a motion to set aside the service of the summons in this action. The motion is made on two grounds. The first is that the service was *480 not made as prescribed by section 432, and the second is that the service was not made as prescribed by section 1895 of the Code of Civil Procedure.
“ Concerning the first point, it is claimed that the defendant is a foreign corporation, and that in such a case the service must be made in strict conformity with the requirements of section 432. In fact, the service was hot made according to the requirements of that section. It was made upon a director, which, under section 431, is good service in the case of a domestic corporation, but which is insufficient, under section 432, in the case of a foreign corporation. . The first point would, therefore, be well taken if it were not for the following considerations: The defendant corporation was originally chartered by the state of Connecticut, in the year 1844, under the name of the New York and New Haven Railroad Co. In the year 1846 it applied to the legislature of the state of New York for the permission to extend its road from the Connecticut state line to the line of the New York and Harlem Railroad, and to unite or connect with the last-mentioned railroad at or near Williams Bridge. Such permission was granted by chapter 195 of the laws of 1846, and one of the conditions imposed by the eighth section óf said act was that the said company shall be liable to be sued by summons in the same manner as corporations created by the laws of this state. This provision subjects the defendant to the liability of being sued by summons like any domestic corporation, although, for all other purposes, it may be a foreign corporation. This being so, I am of the opinion that the service of the summons upon a director was a good and valid service.
“ Concerning the second point, it must be noticed that the action is for the recovery of a penalty given by a statute. The plaintiff claims, in his complaint, that on a certain day on which he took passage on a passenger train of the defendant, to be carried on the defendant’s road from One Hundred and Thirty-fourth *481 street, in the city of New York, to Morris Park, in the state of New York, and thence back to said One Hundred and Thirty-fourth street, he was charged and compelled to pay, contrary to the laws of the state of New York, fourteen cents in excess of the sum which the defendant had the right to ask and to receive, by means whereof the defendant became liable to pay to the plaintiff by virtue of the statute of the state of New York, entitled, ‘An Act to prevent extortion by railroad companies,’ passed March 27, 1857, the sum of $50, together with the sum of fourteen cents, so asked and received as aforesaid, in excess of the legal fare. That being the character of the complaint, the defendant claims that service of the summons could be made only as prescribed by section 1895, and that, because in fact it was not so made, the service which was made should be vacated. Section 1895 provides as follows : ‘ The summons in an action, brought as prescribed in the last section, can be served only by an officer authorized by law to collect an execution issued out of the same court,’ etc.
“ The section thus referred to (§ 1894) provides that where a penalty or forfeiture is given by a statute to any person who sues therefor, an action to recover it may be maintained by any person in his own name. But this does not apply to plaintiff’s case. The plaintiff is a person aggrieved, and the statute gives a right of action to him and not to any person who may sue for the penalty. The language of chapter 185 of the laws of 1857, as amended by chapter 415 of the laws of 1886, is ‘ which sum may be recovered, together with the excess so received, by the party paying the same,’ etc.
“ This distinction has been carefully preserved by the Code of Civil Procedure. Section 1893 provides that where a penalty or forfeiture is given by a statute to a person aggrieved by the act or omission of another, the person to whom it is given may, if it is pecuniary, *482 maintain an action to recover the amount thereof, etc. While § 1894, as already shown, provides for cases in which the right to sue for the penalty is given by the statute to any person, § 1893, therefore, relates to actions which may be brought by persons aggrieved, while § 1894 relates to actions which may be brought by common informers. The distinction is a material one, and as § 1895 relates only to the actions to be brought under § 1894, it does not include the actions which may be brought under § 1893. The action brought by the plaintiff falls within §1893, and consequently § 1895 does not apply.
" Page & Taft, attorneys, and Henry W. Taft of counsel, for appellant, argued :—
■ I. It appeared from the affidavits submitted herewith that the defendant has a president, treasurer and secretary,1 and that at the time when the summons was delivered to Hr. Park, Frank E. Hall had been designated as a person upon whom service of summons could be made in accordance with the provisions of subdivision 2 of section 432 of the Code of Civil Procedure. It appeared from the affidavit- on which the order to show cause was obtained by the defendant that no effort whatever was made to find Frank E. Hall, the person so designated, and in the affidavits upon which the order for judgment was obtained by the plaintiff there was no allegation that any effort was made to find Mr. Hall. There was, therefore, no claim made that Mr. Hall could not have been found with due diligence. Section 432 of the Code provides that personal service of a summons upon a defendant being a foreign corporation “ must be made by delivering a copy thereof 'within the state ” to one of several persons therein designated, namely, the president, treasurer, secretary, or a person designated as prescribed in the second subdivi *483 sion oí the section. It is only in case there is no such person designated, or in case neither such person nor one of the above-named officers can be found with due diligence, that the service may be made by delivering the summons to the cashier, a director or a managing agent. . Clearly upon the papers there has not been any compliance with the provisions of this section. Or, if there has been a compliance with its provisions and an effort has been made to find one of the officers named in subdivision 1 or the person designated under subdivision 2, there is no allegation of the fact in the papers upon which the order was granted, and therefore the entry of the order was irregular and it should be set aside. It may be claimed that, independently of section 432, service upon a director of a foreign corporation is good service, because it is sufficient in the case of a domestic corporation under section 431 of the Code. This claim cannot be substantiated, because such a construction would nullify the express provisions of section 432. What the object of the legislature was in making these special provisions in relation to foreign corporations need not be considered. It is sufficient that they have made such a provision. It is not for the court to inquire whether any other kind of service would be as efficacious in giving notice to the defendant. But it was not seriously contended by the plaintiff’s counsel below that if this defendant were a foreign corporation doing business without special, express permission of the legislature of this state, the service of the summons could have been considered to be in compliance with the provisions of the Code. It was practically conceded that, considered solely with reference to the provisions of the Code, the service of the summons in this case was defective and should be set aside, and so Judge Freedman held.
*482 ' “ For the foregoing reasons the motion must be denied, with $10 costs.”
*483 II. But the position of the defendant is different from that of other- foreign corporations by reason of the following facts : The defendant was chartered by the leg *484 islature of the state of Connecticut under the name of The New York and New Haven Railroad Company. In 1846 that company applied to the legislature of the state of New York for-permission to extend its road into this state, and for certain other privileges. These were granted in chapter 195 of the laws of 1846, under the provisions of which the defendant has continued ever since to do business in this state. In 1870 the Hartford and New Haven Railroad Company -was consolidated with and merged in the New York and New Haven Railroad Company, and the name of the corporation became, and ever since has been, The New York, New Haven and Hartford Railroad Company. One of the conditions of the Permissive Act of 1846 was the following : “ Section 8. Said company shall be liable to be sued by summons in the same manner as corporations created by the laws of this state; and said summons, in case the same cannot be served on the officers of said company as now provided by law, may be served upon any agent of said company.” It is claimed,,and the learned judge at special term held, that this provision subjects the defendant to the liability of being sued by summons like any domestic corporation, and that, therefore, the service of the summons upon a director, being a sufficient service upon a domestic corporation under the provisions of section 431 of the Code, was sufficient as to the defendant. To one looking no further than the words of the Permissive Act of 1846, such a construction would seem to be quite plain. The peculiar use of words in. the provision is noticeable and demands a close analysis to discover, its origin and cause.
R. J. Shadbolt, attorney, and E. M. Wight of counsel, for respondent, argued :—
I. The plaintiff answers the defendant’s-first contention by pointing to the special charter under which defendant obtained -certain favors from this state, and *485 showing that under the conditions of this act, the defendant was “ liable to be served by summons in the same manner as corporations created by the laws of this state.” § 8, ch. 195, Laws of 1846. Church, C. J., in Milnor v. N. Y., N. H. & H. R. R. Co., 53 N. Y. 363-7, says: “ When the defendant sought and obtained permission of the legislature to continue its line into and transact business in this state, it must be deemed as to its contracts made here, to possess the powers and be subject to all the liabilities of similar corporations created by this state.”
II. The other contention of defendant has no force. Section 1895 of The Code of Civil Procedure has no application to this class of actions. It applies only to actions where a penalty or forfeiture is given to “ any person who sues therefor.” § 1894. The provisions of the Code are taken from 3 R. S., ch. 8, tit. 6, art. 1, §§ 5 and 6, and relate to suits by common informers, known as “ qui tam actions.”
Per Curiam.
The defendants were attempted to be brought into court by a service upon one of their directors of a summons of the kind prescribed by the Code. Such a service is not valid, excepting in the cases provided concerning a domestic corporation. The defendant is a foreign corporation. The service was upheld below under § 8, ch. 195, Laws of 1846, which provided that the defendant “was liable to be served by summons in the same manner as corporations created by the laws of this state.” The court, however, is of the opinion that to constitute a service under the act cited, it would be necessary to serve the kind of process described. The summons named in the act was not of the character in form or substance of the summons named by the Code. As neither the act of 1846 nor the Code provided for the service that was made, that service should be set aside.
*486 The learned judge was correct in holding that this action is not within section 1895, Code Civil Procedure.
Order reversed and motion below granted, with ten dollars costs.